**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RETROBRANDS USA, LLC, a Florida limited liability company

**CASE NO. 0:20-cv-61582**

Plaintiff,

v.

INVENTEL PRODUCTS, LLC, a New Jersey limited liability company,

Defendant.
_______________________________________/

**COMPLAINT**

Plaintiff, Retrobrands USA, LLC ("Retrobrands"), files this lawsuit against Defendant, InvenTel Products, LLC ("InvenTel"), and states:

**PARTIES, JURISDICTION & VENUE**

1. Retrobrands is a Florida limited liability company having its principal place of business at 1771 Blount Road, Suite 203, Pompano Beach, FL 33069, and is otherwise *sui juris*.

2. InvenTel is a New Jersey limited liability company having a principal place of business at 200 Forge Way, Unit 1, Rockaway, NJ 07866, and is otherwise *sui juris*.

3. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1121, and 28 U.S.C. §§ 1331 and 1338(a), because this case arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. This Court has personal jurisdiction over InvenTel because it entered into agreements with Retrobrands whereby it agreed to be subject to the jurisdiction of this Court.

6. Venue is proper in the Southern District of Florida because InvenTel entered into agreements with Retrobrands whereby it agreed that venue was proper in this Court.

**FACTUAL BACKGROUND**

7. Jeffrey Kaplan is the founder, sole owner, and president of Retrobrands, and has been in the business of acquiring and relaunching formerly famous, but abandoned brands that still have consumer recognition, for many years.

8. Germane to this lawsuit, Retrobrands is the owner of the well-known MR. MICROPHONE® and DASH® brands (collectively, the "Marks").

9. Retrobrands owns U.S. Trademark Registration No. 5752378 for MR. MICROPHONE®, for use in connection with "microphones."

10. Retrobrands owns U.S. Trademark Registration Nos. 5845738 and 5916561 for DASH®, for use in connection with "all-purpose cleaning preparations" and "laundry detergents," respectively.

11. Retrobrands also owns World Intellectual Property Organization (WIPO) Registration No. 1296793 for DASH®, for use in connection with "all-purpose cleaning preparations."

**Merchandising License Agreements with InvenTel**

12. On February 4, 2019, Retrobrands and InvenTel entered into two separate Merchandising License Agreements for the MR. MICROPHONE® and DASH® brands (the "License Agreements")[1],

[1] Retrobrands has filed concurrently herewith a Motion for Leave to File Under Seal. Should said Motion be granted, ATM will file copies of the confidential License Agreements and related documents containing the confidential terms and conditions with the Court (Exhibits A through E hereto).

[redacted].[2]

13. Both Agreements are identical in most respects.

14. Under the MR MICROPHONE® Agreement, [redacted]. A true and correct copy of the MR. MICROPHONE® Agreement is attached as **Exhibit A.**

15. Under the DASH® Agreement and Amendment (collectively referred to as the "DASH® Agreement"), [redacted]. A true and correct copy of the DASH® Agreement and Amendment is attached as **Exhibit B.**

16. Unfortunately, InvenTel failed to adhere to several of its contractual obligations and failed to timely cure said breaches. Even worse, after Retrobrands terminated the Agreements, InvenTel has refused to cease use of the Marks. As such, Retrobrands has been forced to retain counsel in an effort to enforce InvenTel's contractual obligations, and to file this lawsuit.

**<u>InvenTel Breaches the Agreements</u>**

[redacted]

[2] The DASH® Agreement was amended on February 19, 2020.

32. InvenTel's refusal to adhere to its contractual obligations has forced Retrobrands to engage counsel to attempt to secure InvenTel's compliance with the Agreements, and to file and pursue the instant action.

33. Therefore, Retrobrands is entitled to its attorneys' fees incurred in pursuit of attempting to secure a remedy for InvenTel's unlawful behavior.

Retrobrands Terminates the Licenses; InvenTel Fails to Adhere to Post-Termination Obligations

34. As a result of the foregoing breaches, and Retrobrands' many unsuccessful good faith attempts to resolve same with InvenTel, on May 7, 2020, [redacted], Retrobrands' counsel set a letter instructing InvenTel to cure its contractual breaches within 30 days, or the Agreements would be terminated. A true and correct copy of the letter is attached as **Exhibit C.**

35. InvenTel failed to respond.

36. Accordingly, on June 16, 2020, Retrobrands wrote to confirm the termination of the Agreements, and made the following post-termination demands:

a.

A true and correct copy of the letter is attached as **Exhibit D.**

37. [redacted].

38. On June 18, 2020, InvenTel's representative emailed Retrobrands' counsel asserting that the May 7, 2020 letter was not received, yet it is indisputable that InvenTel's principal, Yasir Abdul, received the letter. Nevertheless, Retrobrands' counsel forwarded said letter.

39. [redacted]

[redacted] [redacted].

41. On June 30, 2020, in an effort to "clean the slate," Retrobrands sent InvenTel a proposal for new license agreements for the Marks.

42. InvenTel failed to respond to same and has since failed to [redacted].

43. Indeed, as of the date of this filing, InvenTel continues to advertise and sell MR. MICROPHONE® and DASH® products. *See* **Composite Exhibit E**.

44. As a direct and proximate result of InvenTel's acts complained of herein, Retrobrands has been forced to retain the undersigned law firm, and has agreed to pay said firm a reasonable fee for their services, and to pay all costs associated with the prosecution of this matter.

## **COUNT I - Breach of Contract**
(MR. MICROPHONE® Agreement)

45. Retrobrands realleges and reavers paragraphs 1-44 as if fully set forth herein.

46. Retrobrands and InvenTel entered into a valid agreement [redacted].

47. Retrobrands has complied with all its obligations under the MR. MICROPHONE® Agreement.

48. InvenTel has breached the MR. MICROPHONE® Agreement, as further explained above, by, at a minimum,

a.

49. Retrobrands has been monetarily damaged as a result of InvenTel's breaches of the MR. MICROPHONE® Agreement.

50. Moreover, InvenTel's refusal to honor Retrobrands' exclusive intellectual property rights has caused, and will continue to cause, irreparable harm. Each day that Retrobrands is deprived of its earned intellectual property rights causes irreparable injury.

51. Retrobrands has no adequate remedy at law, especially because the property at issue are trademarks and goodwill that are being damaged.

52. There is no remedy at law that can fully compensate Retrobrands for the deprivation

of said intellectual property rights, and, in light of the facts of this case, there is a substantial likelihood that Retrobrands will succeed on the merits of the instant case.

**COUNT II - Breach of Contract**
(DASH® Agreement)

53. Retrobrands realleges and reavers paragraphs 1-44 as if fully set forth herein.

54. Retrobrands and InvenTel entered into a valid agreement for

.

55. Retrobrands has complied will all its obligations under the DASH® Agreement.

56. InvenTel has breached the DASH® Agreement, as further explained above, by, at a minimum,

a.

57. Retrobrands has been monetarily damaged as a result of InvenTel's breaches of the DASH® Agreement.

58. Moreover, InvenTel's refusal to honor Retrobrands' exclusive intellectual property rights has caused, and will continue to cause, irreparable harm. Each day that Retrobrands is

deprived of its earned intellectual property rights causes irreparable injury.

59. Retrobrands has no adequate remedy at law, especially because the property at issue are trademarks and goodwill that are being damaged.

60. There is no remedy at law that can fully compensate Retrobrands for the deprivation of said intellectual property rights, and, in light of the facts of this case, there is a substantial likelihood that Retrobrands will succeed on the merits of the instant case.

**COUNT III – Trademark Infringement**

61. Retrobrands realleges and reavers paragraphs 1-44 as if fully set forth herein.

62. Retrobrands is the legal and rightful owner of the MR. MICROPHONE® and DASH® Marks.

63. [redacted]

64. The Agreements terminated thirty days from May 7, 2020 (i.e. on June 6, 2020).

65. [redacted].

66. These acts are in direct and willful violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114, in that InvenTel has used the Marks in connection with the sale of products bearing said Marks which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of InvenTel with Retrobrands, and as to the origin, sponsorship, and approval of InvenTel's products and commercial activities by Retrobrands.

67. InvenTel's acts are being performed in willful, deliberate, and intentional disregard of Retrobrands's rights in the Marks.

68. As a direct result of InvenTel's actions and the likely confusion, mistake or deception, Retrobrands has suffered damages in an amount not yet determined.

69. Given its brazen disregard for Retrobrands' rights, InvenTel's conduct in this instance is exceptional, and, as such, Retrobrands should be entitled to recover its attorneys' fees in this action pursuant to 15 U.S.C. § 1117(a) which provides, *in part*, that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

70. Moreover, InvenTel's refusal to honor Retrobrands' exclusive intellectual property rights has caused, and will continue to cause, irreparable harm. Each day that Retrobrands is deprived of its earned intellectual property rights causes irreparable injury.

71. Retrobrands has no adequate remedy at law, especially because the property at issue are trademarks and goodwill that are being damaged.

72. There is no remedy at law that can fully compensate Retrobrands for the deprivation of said intellectual property rights, and, in light of the facts of this case, there is a substantial likelihood that Retrobrands will succeed on the merits of the instant case.

**COUNT IV – Trademark Counterfeiting**

73. Retrobrands realleges and reavers paragraphs 1-44 as if fully set forth herein.

74. Retrobrands is the legal and rightful owner of the MR. MICROPHONE® and DASH® Marks.

75. [redacted]

[redacted]

76. The Agreements terminated thirty days from May 7, 2020 (i.e. on June 6, 2020).

77. [redacted]

78. InvenTel's acts are in direct and willful violation of §43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1114, in that it has used the Marks in a spurious manner which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection, or association of InvenTel with Retrobrands and as to the origin, sponsorship, and approval of InvenTel's products and commercial activities by Retrobrands.

79. InvenTel's unlawful actions constitute trademark counterfeiting in violation of the Lanham Act, 15 U.S.C. § 1114.

80. InvenTel's actions are being performed in willful, deliberate, and/or intentional disregard of Retrobrands's rights in the Marks.

81. As a direct result of InvenTel's actions and the likely confusion, mistake or deception, Retrobrands has suffered damages in an amount not yet determined.

82. InvenTel's conduct in this instance is exceptional, and, as such, Retrobrands should be entitled to recover its attorneys' fees in this action pursuant to 15 U.S.C. § 1117(a) which provides, *in part*, that the "court in exceptional cases may award reasonable attorney fees to the prevailing party."

83. Moreover, InvenTel's refusal to honor Retrobrands' exclusive intellectual property rights has caused, and will continue to cause, irreparable harm. Each day that Retrobrands is deprived of its earned intellectual property rights causes irreparable injury.

84. Retrobrands has no adequate remedy at law, especially because the property at issue

are trademarks and goodwill that are being damaged.

85. There is no remedy at law that can fully compensate Retrobrands for the deprivation of said intellectual property rights, and, in light of the facts of this case, there is a substantial likelihood that Retrobrands will succeed on the merits of the instant case.

## PRAYER FOR RELIEF

WHEREFORE, Retrobrands prays for judgment in their favor and against InvenTel containing the following provisions:

**A.** A temporary and permanent injunction enjoining InvenTel, and all of those acting in concert with it, including, but not limited to, its agents, affiliates, subsidiaries, officers, directors, attorneys and employees [redacted] (d) requiring it to comply with all post-termination obligations; and (d) requiring it to file with the Court, and serve upon Retrobrands' counsel, within thirty (30) days after entry of an order or judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which InvenTel has complied with the requirements of the injunction and order;

**B.** An award of damages, including enhanced damages, against InvenTel in an amount to be proven at trial, including pre- and post-judgment interest;

**C.** An award of costs of suit, including attorneys' and expert fees, expenses and disbursements; and

**D.** Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Retrobrands hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel: 754.300.1500

By: /s/ Adam S. Goldman
Adam S. Goldman, Esq.
Fla. Bar. No. 86761
agoldman@conceptlaw.com
Alexander D. Brown, Esq.
Fla. Bar No. 752665
abrown@conceptlaw.com

*Counsel for Retrobrands*